IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

**Veolia ES Technical Solutions, L.L.C.**,

        Plaintiff,

v.                                                              Case No.

**RiverCap Ventures, LLC**,

        Defendant.

## <u>COMPLAINT</u>

COMES NOW Plaintiff Veolia ES Technical Solutions, L.L.C. ("Veolia") and states as its Complaint against Defendant RiverCap Ventures, LLC ("RiverCap"):

### PARTIES, JURISDICTION, AND VENUE

1.      Veolia is a Delaware limited liability company authorized to do business in Missouri.

2.      Veolia's sole member is Veolia Environmental Services North America LLC, which in turn has one member: Veolia North America, Inc., a Delaware corporation with a principal place of business in Delaware. As such Plaintiff Veolia is a citizen of Delaware for diversity-jurisdiction purposes.

3.      RiverCap is an Ohio limited liability company.

4.      Upon information and belief, RiverCap is not a citizen of Delaware for diversity-jurisdiction purposes. Upon information and belief, RiverCap's members are Ohio citizens, and therefore RiverCap's citizenship is Ohio. Under Fed. R. Civ. P. 11(b), this conclusion will likely have evidentiary support after RiverCap files its Disclosure of Organizational Interests Certificate under Local Rule 2.09.

5.      Veolia seeks damages exceeding $75,000, exclusive of interest and costs.

6.      Therefore, because the parties are diverse and the amount-in-controversy requirement is satisfied, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

7.      This Court has personal jurisdiction over RiverCap through its minimum contacts with Missouri as outlined below.

8.      Venue is proper in the Eastern District of Missouri, Northern Division because a substantial part of the events or omissions giving rise to the claim occurred in Louisiana, Pike County, Missouri, where the Wind Turbine Blades were recycled.

**FACTUAL BACKGROUND**

9.      RiverCap provides solutions for demolition, disposition, and replacement of end-of-life wind turbines found on wind farms in the United States.

10.     The propeller-like pieces of a wind turbine (the parts that catch the wind and spin) are called "Wind Turbine Blades" (WTB).

11.     RiverCap was providing its end-of-life services and repower on several wind-farm projects in the Midwest, largely in Iowa.

12.     RiverCap contracted with Veolia to recycle 891 Siemens B49 and B53 Wind Turbine Blades through an Environmental Services Agreement ("ESA") dated October 18, 2021. These Wind Turbine Blades came from RiverCap's work at multiple projects and locations.

13.     The true and accurate copy of the ESA is attached and incorporated as **Exhibit 1**.

14.     Under the ESA, RiverCap agreed to deliver the Wind Turbine Blades to Veolia's facility in Louisiana, Missouri for processing and recycling.

15.     Veolia charged RiverCap $425.00 per gross short ton (GT) of original material ("Contract Price").

16.     Put very simply, Veolia's process takes the raw Wind Turbine Blades, shreds them, and processes them further with sophisticated machinery. The resulting material, termed Repurposed Engineered Materials (REM), is transported to kiln operators to replace the coal, natural gas, silica, and aluminum needed to make cement. More than 90% of the Wind Turbine Blade will be reused: 65% used as raw material in the cement plants and 28% transformed into energy required for the kiln's chemical reaction. Thus, Veolia's process is more environmentally friendly than, for example, disposing Wind Turbine Blades in a landfill.

17.     The parties expected deliveries to Veolia's plant to start in October 2021, with anticipated completion by September 2022.

18.     RiverCap bore the cost of transporting the Wind Turbine Blades to Veolia's facility in Louisiana, Missouri.

19.     The contract price was *not* paid in a lump sum; instead, for each project, invoices for payment issued in stages:

   a.  20% of the Contract Price upon delivery of the Wind Turbine Blades to Veolia;

   b.  40% of the Contract Price following the Certificate of Destruction, which occurred at the Primary Shredding phase of the project; and

   c.  40% of the Contract Price, which occurred when the Repurposed Engineered Materials were shipped from Veolia to kilns, landfill, or other mutually approved options.[1]

20.     In addition to providing these processing and recycling services, Veolia provided 12 pairs of stanchions for RiverCap's use in delivering the Wind Turbine Blades. The stanchions

---

[1] For some projects, the payment breakdown at each stage had been modified with both parties (Veolia and RiverCap) in agreement. In any event, the total amount equaled 100% at project completion on all projects.

were provided at no cost, but RiverCap needed to return the stanchions. Unreturned stanchions were charged in the ESA at $7,500 per pair.

21.     RiverCap began sending the Wind Turbine Blades to Veolia in or around October 2021.

22.     Veolia is partially finished processing RiverCap's Wind Turbine Blades. But Veolia has invoiced — and RiverCap has *not* paid — substantial amounts to date.

23.     On September 12, 2022, because of RiverCap's nonpayment of invoices totaling $714,291.23, Veolia sent a Notice of Dispute under ¶ 21 of the ESA. (A true and accurate version of the September 12, 2022 notice is attached and incorporated as **Exhibit 2**.) Veolia requested the scheduling of a Resolution Hearing under ¶ 21.

24.     The parties completed the Resolution Hearing on September 27, 2022, and did not reach a written settlement within ten business days after the hearing's conclusion.

25.     Therefore, Veolia is entitled to move forward with this lawsuit under the ESA.

## COUNT I — BREACH OF CONTRACT

26.     Veolia incorporates all prior factual allegations into this Count.

27.     Veolia and RiverCap had the capacity to contract.

28.     The ESA is a valid contract that sets forth mutual obligations concerning Wind Turbine Blade disposal and related matters.

29.     Valid consideration existed for the ESA.

30.     Veolia performed its obligations under the ESA.

31.     RiverCap has not performed its obligations under the ESA. Specifically, RiverCap:

   a.   failed to pay the invoiced amounts of $714,291.23, which are continuing to accrue as Veolia continues to process the Wind Turbine Blades in its possession;

b.  anticipatory breached its payment obligations on the remaining contract, representing amounts for Wind Turbine Blades delivered but not fully invoiced; and

c.  failed to return 5 pairs of stanchions or pay the contractual price of $7,500 per pair.

32.  Veolia has suffered damages resulting from RiverCap's breaches of contract:

a.  $714,291.23 in unpaid invoiced amounts, as of September 12, 2022;

b.  $1,471,851.86, representing the benefit of Veolia's bargain, as this amount represents Wind Turbine Blades in Veolia's possession that it must process; and

c.  $37,500 for the five pairs of unreturned stanchions at the $7,500 per pair contract price.

33.  Veolia is also entitled to late charges for all past-due invoices at a rate of 1-1/2% per month, under the ESA, ¶ 5; pre- and post-judgment interest; attorneys' fees; and costs as the prevailing party under the ESA, ¶ 18(g).

WHEREFORE, Plaintiff Veolia ES Technical Solutions, L.L.C. prays for judgment against Defendant RiverCap Ventures, LLC for the benefit of the bargain, actual damages identified above, late charges, pre- and post-judgment interest, attorneys' fees, and other relief deemed just and proper.

SANDBERG PHOENIX & von GONTARD, P.C.

By:    */s/ Zachary S. Merkle*
        Nicholas P. Van Deven, # 53034
        Zachary S. Merkle, # 68258
        600 Washington Ave. — 15th Floor
        St. Louis, MO 63301
        314-231-3332
        314-241-7604 (fax)
        nvandenven@sandbergphoenix.com
        zmerkle@sandbergphoenix.com

        **Attorneys for Veolia ES Technical Solutions, L.L.C.**