IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| VEOLIA ES TECHNICAL SOLUTIONS, LLC, | ) ) ) **JURY TRIAL DEMANDED** ) ) Cause No: 2:22-CV-00086 ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| RIVERCAP VENTURES, LLC, | |
| Defendants. | |

# *DEFENDANT RIVERCAP VENTURES, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED PETITION*

COMES NOW RiverCap Ventures, Inc. (hereinafter "RiverCap"), by and through undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### *PARTIES, JURISDICTION, AND VENUE*

1. RiverCap lacks sufficient information to admit or deny the allegations contained in paragraph 1.

2. RiverCap lacks sufficient information to admit or deny the allegations contained in paragraph 2.

3. RiverCap denies the allegations contained in paragraph 3.

4. Paragraph 4 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap admits only that it is not a Delaware Corporation.

5. RiverCap admits Plaintiff purports to seek damages exceeding $75,000, exclusive of interest and costs. RiverCap denies Plaintiff is entitled to such recovery.

6. Paragraph 6 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap denies the allegations contained in paragraph 6.

7. Paragraph 7 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap denies the allegations contained in paragraph 7.

8. Paragraph 8 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap denies the allegations contained in paragraph 8.

## FACTUAL BACKGROUND

9. RiverCap admits the allegations contained in paragraph 9.

10. RiverCap admits the allegations contained in paragraph 10.

11. RiverCap admits the allegations contained in paragraph 11.

12. RiverCap admits that it has a contract with the Plaintiff. However, RiverCap denies the allegations in paragraph 12, as worded, and states that the provisions of the contract with the Plaintiff are set out in the contract and the document speaks for itself.

13. RiverCap admits the allegations contained in paragraph 13.

14. RiverCap admits that it has a contract with the Plaintiff. However, RiverCap denies the allegations in paragraph 14, as worded, and states that the provisions of the contract with the Plaintiff are set out in the contract and the document speaks for itself.

15. RiverCap admits that it has a contract with the Plaintiff. However, RiverCap denies the allegations in paragraph 15, as worded, and states that the provisions of the contract with the Plaintiff are set out in the contract and the document speaks for itself.

16. RiverCap admits only that Veolia processes Wind Turbine Blades into Repurposed Engineered Materials (REM). RiverCap lacks sufficient information to admit or deny the remaining allegations contained in paragraph 16.

17. RiverCap admits that it has a contract with the Plaintiff. However, RiverCap denies the allegations in paragraph 17, as worded, and states that the provisions of the contract with the Plaintiff are set out in the contract and the document speaks for itself.

18. RiverCap admits the allegations contained in paragraph 18.

19. RiverCap admits that it contracted with the Plaintiff. However, However, RiverCap denies the allegations in paragraph 19, as worded, including each and every subparagraph, and states that the provisions of the contract with the Plaintiff are set out in the contract and the document speaks for itself.

20. RiverCap admits that it contracted with the Plaintiff. However, However, RiverCap denies the allegations in paragraph 20, as worded, and states that the provisions of the contract with the Plaintiff are set out in the contract and the document speaks for itself.

21. RiverCap admits the allegations contained in paragraph 21.

22. RiverCap admits only that RiverCap has not paid certain amounts demanded by Plaintiff through invoices, but denies all remaining allegations contained in paragraph 22.

23. RiverCap admits only that Plaintiff sent the document attached as Exhibit 2 to RiverCap. RiverCap denies all remaining allegations contained in paragraph 23.

24. RiverCap admits the allegations contained in paragraph 24.

25. Paragraph 25 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap denies the allegations contained in paragraph 25.

*COUNT I – BREACH OF CONTRACT*

26. RiverCap incorporates its responses above as if set forth fully herein.

27. Paragraph 27 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap admits the allegations contained in paragraph 27.

28. Paragraph 28 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap admits the allegations contained in paragraph 28.

29. Paragraph 29 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap admits the allegations contained in paragraph 29.

30. RiverCap denies the allegations contained in paragraph 30.

31. RiverCap admits only that RiverCap has not paid $714,291.23 in invoices sent by Veolia. However, RiverCap denies all remaining allegations contained in paragraph 31 and subparagraphs a-c.

32. RiverCap denies the allegations contained in paragraph 32 and subparagraphs a-c.

33. RiverCap denies the allegations contained in paragraph 33.

WHEREFORE having answered the allegations of Count I and the same having failed to state a cause of action, this Defendant respectfully prays that the same be dismissed with prejudice, and that this Court enter its judgment for RiverCap Ventures, Inc. and against the Plaintiff and for attorney's fees and costs and for such other and further relief as this Court deems just and proper.

### *AFFIRMATIVE DEFENSES*

COMES NOW Defendant RiverCap Ventures, Inc., by and through undersigned counsel, and for further Answer and Affirmative Defense to Plaintiff's Complaint, states as follows:

1. Any allegations in Plaintiff's Complaint not specifically admitted are hereby denied.

4

2. Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff failed to state a claim upon which relief may be granted against RiverCap, including without limitation, failure to state each and every element of a claim for breach of contract under Missouri law.

3. RiverCap states that RiverCap Ventures, LLC is not an entity capable of being sued and therefore, Plaintiff's suit should be dismissed for failure to bring a claim against a proper entity.

4. Plaintiff is barred by the doctrine of waiver of its contractual rights for actions impliedly waiving its contractual rights including, but not limited to, communication indicating that Plaintiff would not be capable of performing its contractual obligations to recycle/repurpose wind turbine blades already delivered to Plaintiff and/or failure to provide certificates to RiverCap, as required by the contract.

5. Plaintiff is barred by its anticipatory repudiation of the contract because Plaintiff through its communications and actions indicated it was not capable of performing its contractual obligations to recycle and repurpose wind turbine blades that RiverCap already delivered to it at RiverCap's cost causing RiverCap financial harm and depriving RiverCap of its contractual rights.

WHEREFORE, having fully answered Plaintiff's Complaint and the same having failed to state a cause of action, RiverCap Ventures, Inc. prays that the same be dismissed with prejudice, and that this Court enter its judgment for RiverCap Ventures, Inc. and against the Plaintiff and for attorney's fees and costs and for such other and further relief as this Court deems just and proper.

/s/ Robert T. Plunkert
Robert T. Plunkert  #62064MO
Dylan L. McCloskey  #74755MO
PITZER SNODGRASS, P.C.
Attorneys for Defendant RiverCap Ventures, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
Email: plunkert@pspclaw.com
Email: mccloskey@pspclaw.com


Timothy R. Fadel   0077531
FADEL & BEYER, LLC
The Bridge Building
18500 Lake Road, Suite 300
Rocky River, Ohio 44116
Phone: 440-333-2050
tfadel@fadelbeyer.com
Attorney for Defendant RiverCap Ventures, Inc.

    I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 27th day of February, 2023:

Nicholas P. Van Deven
Zachary Stephen Merkle
SANDBERG PHOENIX PC
120 S. Central Avenue, suite 1600
Clayton, Missouri 63105
Phone: 314-425-4917
Fax: 314-725-5754
nvandeven@sandbergphoenix.com
zmerkle@sandbergphoenix.com
*Attorneys for Plaintiff*

/s/ Robert T. Plunkert