IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| VEOLIA ES TECHNICAL SOLUTIONS, LLC, | ) ) ) **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) Cause No: 2:22-CV-00086 |
| vs. | ) ) |
| RIVERCAP VENTURES, LLC, AND RIVERCAP VENTURES, INC., | ) ) ) |
| Defendants. | ) ) |

## *DEFENDANTS RIVERCAP VENTURES, LLC AND RIVERCAP VENTURES, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT*

COMES NOW Defendants RiverCap Ventures, LLC and RiverCap Ventures, Inc. (hereinafter "RiverCap"), by and through undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

### *PARTIES, JURISDICTION, AND VENUE*

1. RiverCap lacks sufficient information to admit or deny the allegations contained in paragraph 1.

2. RiverCap lacks sufficient information to admit or deny the allegations contained in paragraph 2.

3. RiverCap admits the allegations contained in paragraph 3.

4. Paragraph 4 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap denies the allegations in paragraph 4.

5. RiverCap admits the allegations contained in paragraph 5.

6. Paragraph 6 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap denies the allegations in paragraph 6.

7. Paragraph 7 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap admits only that is an Ohio corporation with a principal place of business in Ohio.

8. Paragraph 8 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap denies the allegations in paragraph 8.

9. RiverCap admits Plaintiff purports to seek damages exceeding $75,000, exclusive of interest and costs. RiverCap denies Plaintiff is entitled to such recovery.

10. Paragraph 10 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap denies the allegations contained in paragraph 10.

11. Paragraph 11 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap denies the allegations contained in paragraph 11.

12. Paragraph 12 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap denies the allegations contained in paragraph 12.

*FACTUAL BACKGROUND*

13. RiverCap admits the allegations contained in paragraph 13.

14. RiverCap admits the allegations contained in paragraph 14.

15. RiverCap admits the allegations contained in paragraph 15.

16. RiverCap admits that it has a contract with the Plaintiff. However, RiverCap denies the allegations in paragraph 16, as worded, and states that the provisions of the contract with the Plaintiff are set out in the contract and the document speaks for itself.

17. RiverCap admits the allegations contained in paragraph 17.

18. RiverCap admits that it has a contract with the Plaintiff. However, RiverCap denies the allegations in paragraph 18, as worded, and states that the provisions of the contract with the Plaintiff are set out in the contract and the document speaks for itself.

19. RiverCap admits that it has a contract with the Plaintiff. However, RiverCap denies the allegations in paragraph 19, as worded, and states that the provisions of the contract with the Plaintiff are set out in the contract and the document speaks for itself.

20. RiverCap admits only that Veolia processes Wind Turbine Blades into Repurposed Engineered Materials (REM). RiverCap lacks sufficient information to admit or deny the remaining allegations contained in paragraph 20.

21. RiverCap admits that it has a contract with the Plaintiff. However, RiverCap denies the allegations in paragraph 21, as worded, and states that the provisions of the contract with the Plaintiff are set out in the contract and the document speaks for itself.

22. RiverCap admits the allegations contained in paragraph 22.

23. RiverCap admits that it contracted with the Plaintiff. However, However, RiverCap denies the allegations in paragraph 23, as worded, including each and every subparagraph, and states that the provisions of the contract with the Plaintiff are set out in the contract and the document speaks for itself.

24. RiverCap admits that it contracted with the Plaintiff. However, However, RiverCap denies the allegations in paragraph 24, as worded, and states that the provisions of the contract with the Plaintiff are set out in the contract and the document speaks for itself.

25. RiverCap admits the allegations contained in paragraph 25.

26. RiverCap admits only that RiverCap has not paid certain amounts demanded by Plaintiff through invoices, but denies all remaining allegations contained in paragraph 26.

27. RiverCap admits only that Plaintiff previously attached the document as Exhibit 2 to RiverCap's Complaint. RiverCap denies all remaining allegations contained in paragraph 27.

28. RiverCap admits the allegations contained in paragraph 28.

29. Paragraph 29 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap denies the allegations contained in paragraph 29.

## COUNT I – BREACH OF CONTRACT

30. RiverCap incorporates its responses above as if set forth fully herein.

31. Paragraph 31 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap admits the allegations contained in paragraph 31.

32. Paragraph 32 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap admits the allegations contained in paragraph 32.

33. Paragraph 33 states a legal conclusion to which no response is necessary. To the extent that an answer is required, RiverCap admits the allegations contained in paragraph 33.

34. RiverCap denies the allegations contained in paragraph 34.

35. RiverCap admits only that RiverCap has not paid $714,291.23 in invoices sent by Veolia. However, RiverCap denies all remaining allegations contained in paragraph 35 and subparagraphs a-c.

36. RiverCap denies the allegations contained in paragraph 36 and subparagraphs a-d.

37. RiverCap denies the allegations contained in paragraph 37.

WHEREFORE having answered the allegations of Count I and the same having failed to state a cause of action, these Defendants respectfully pray that the same be dismissed with prejudice, and that this Court enter its judgment for RiverCap Ventures, LLC and RiverCap Ventures, Inc. and against the Plaintiff and for attorney's fees and costs and for such other and further relief as this Court deems just and proper.

## *AFFIRMATIVE DEFENSES*

COMES NOW Defendants RiverCap Ventures, LLC and RiverCap Ventures, Inc., by and through undersigned counsel, and for further Answer and Affirmative Defense to Plaintiff's First Amended Complaint, states as follows:

1. Any allegations in Plaintiff's First Amend Complaint not specifically admitted are hereby denied.

2. Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff failed to state a claim upon which relief may be granted against RiverCap, including without limitation, failure to state each and every element of a claim for breach of contract under Missouri law.

3. Plaintiff is barred due to its failure to meet its duty of good faith and fair dealing in the contract.

4. RiverCap states that RiverCap Ventures, LLC, is not an entity capable of being sued and therefore, Plaintiff's suit should be dismissed against RiverCap Ventures, LLC, for failure to bring a claim against a proper entity.

5. Plaintiff is barred by the doctrine of waiver of its contractual rights for actions impliedly waiving its contractual rights including, but not limited to, communication indicating that Plaintiff would not be capable of performing its contractual obligations to

5

      recycle/repurpose wind turbine blades already delivered to Plaintiff and/or failure to provide certificates to RiverCap, as required by the contract.

6. Plaintiff is barred by its anticipatory repudiation of the contract because Plaintiff through its communications and actions indicated it was not capable of performing its contractual obligations to recycle and repurpose wind turbine blades that RiverCap already delivered to it at RiverCap's cost causing RiverCap financial harm and depriving RiverCap of its contractual rights.

      WHEREFORE, having fully answered Plaintiff's First Amended Complaint and the same having failed to state a cause of action, RiverCap Ventures, LLC, and RiverCap Ventures, Inc., pray that the same be dismissed with prejudice, and that this Court enter its judgment for RiverCap Ventures, LLC, and RiverCap Ventures, Inc., and against the Plaintiff and for attorney's fees and costs and for such other and further relief as this Court deems just and proper.

## *DEFENDANT/COUNTERCLAIMANT RIVERCAP VENTURES, INC'S COUNTERCLAIM*

      COMES NOW Defendant/Counterclaimant RiverCap Ventures, Inc. (hereinafter "RiverCap"), by and through undersigned counsel, and for its Counterclaim against Plaintiff/Counterclaim Defendant Veolia ES Technical Solutions, LLC (hereinafter "Veolia"), states as follows:

### *PARTIES, JURISDICTION, AND VENUE*

1. Upon information and belief, Veolia is a Delaware limited liability company, and its sole member is Veolia North America, Inc., a Delaware corporation with its principal place of business in Delaware.

2. RiverCap is an Ohio corporation with its principal place of business in Ohio.

3. Therefore, the Court has diversity jurisdiction over RiverCap's counterclaims pursuant to 28 U.S.C. § 1332.

4. In the alternative, RiverCap's claims arises from the same case and controversy as Veolia's claims in its First Amended Petition because the facts arise from the same contract dispute between the parties.

5. Therefore, in the alternative, the Court has supplemental jurisdiction over RiverCap's counterclaims pursuant to 28 U.S.C. § 1367.

## *FACTUAL BACKGROUND*

6. RiverCap provides solutions for demolition, disposition, and replacement of end-of-life wind turbines found on wind farms in the United States.

7. The propeller-like pieces of a wind turbine are called "Wind Turbine Blades" (hereinafter "WTB's").

8. RiverCap was providing its end-of-life services and repower on several wind-farm projects in the Midwest, largely in Iowa.

9. RiverCap Ventures, LLC, which converted to RiverCap Ventures, Inc. on January 1, 2023, entered into a contract with Veolia to recycle WTB's (hereinafter the "Contract").

10. The Contract was previously filed by Veolia as Doc 1-1.

11. RiverCap bore the cost of transporting the WTB's to Veolia's facility in Louisiana, Missouri (hereinafter the "Facility") under the Contract.

12. Veolia had the responsibility to properly recycle and dispose of the WTB's once they were delivered to the Facility.

13. The total anticipated weight of the WTB's in the Contract was 9,150 gross short tons.

14. The Contract contemplated an "anticipated completion by September 2022" and required that Veolia "must produce a Certificate of Recycling/Repurposing within 12 months of delivery of the WTB's."

15. The parties anticipated the delivery of 3-5 truckloads per day of WTB's, which is included in the Contract's "Shipping & Receiving Procedures for Veolia Louisiana Missouri."

16. RiverCap began sending the WTB's to the Facility in or around October 2021.

17. In or around January 2022, Veolia had equipment failures that shut down the Facility causing Veolia to stop recycling and disposing of RiverCap's WTB's.

18. The general manager of the Facility, Chris Howe, asked RiverCap to stop shipping material as a result of the shutdown.

19. Upon information and belief, Veolia delayed approval of funds for maintenance because this Facility was losing money.

20. The Facility remained shut down for approximately two-and-half months.

21. Soon after the Facility's operations restarted in March 2022, Veolia told RiverCap to slow down deliveries due to equipment issues.

22. At the same time that Veolia was asking RiverCap to slow deliveries, Veolia allowed third parties to recycle their material ahead of RiverCap for a higher price.

23. Upon information and belief, Veolia has had additional equipment failures that shut down the Facility's operations after March 2022.

24. Veolia's persistent failure to provide services consistent with the shipping procedures and timelines in the Contract revealed that Veolia would not fully perform the Contract for the totality of the anticipated weight.

25. RiverCap confronted Veolia personnel to ask whether Veolia would fully process and recycle RiverCap's material.

26. Veolia personnel refused to guarantee that Veolia would recycle and dispose of RiverCap's WTB's consistent with the Contract.

### *COUNT I – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING*

27. RiverCap incorporates its allegations above as if set forth fully herein.

28. The Contract is a valid contract that sets forth mutual obligations concerning the WTB's disposal, which has valid consideration.

29. Both parties agreed to act in good faith in their dealings with the other party to implement the Contract as intended and to not deprive the other party of the benefits of the agreement.

30. RiverCap acted in good faith in its dealings with Veolia.

31. Veolia did not act in good faith to implement the Contract knowing it would not meet the anticipated deadlines when Veolia specifically did the following:

    a. Failed to take reasonable steps to properly maintain and upkeep its equipment to recycle and dispose of the WTB's as contemplated in the Contract;

    b. Failed to repair equipment in a timely manner so as to recycle and dispose of the WTB's as contemplated in the Contract;

    c. Allowed other third parties to pay higher rates to recycle their material ahead of RiverCap despite its contractual obligations to RiverCap; and

    d. Told RiverCap to reduce its shipments when it was allowing other parties to recycle material ahead of RiverCap for a higher price.

32. RiverCap suffered damages resulting from Veolia's breaches of the covenant of good faith and fair dealing, including the following:

    a. The benefit of RiverCap's bargain in recycling/repurposing its WTB's.

    b. RiverCap's clients withholding payments due to Veolia's delay in the delivery of certificates of recycling/repurposing;

    c. Forcing RiverCap to temporarily suspend its transportation of material causing delays in payments from its clients and its ability to take on new clients; and

    d. RiverCap's transportation costs to a facility that refuses to recycle and dispose its WTB's.

33. RiverCap is also entitled to a rescission of the Contract due to the breach of the covenant of good faith and fair dealing; pre-judgment and post-judgment interest; attorneys' fees; and costs as the prevailing party under the Contract. ¶ 18(g).

WHEREFORE, Defendant/Counterclaimant RiverCap Ventures, Inc. prays for judgment against Plaintiff/Counterclaim Defendant Veolia ES Technical Solutions, LLC, and for such other and further relief as this Court deems just and proper.

## COUNT II – BREACH BY ANTICIPATORY REPUDIATION

34. RiverCap incorporates its allegations above as if set forth fully herein.

35. Veolia manifested its intent to not perform its contractual obligations when Veolia did the following:

    a. Refused to guarantee that Veolia would recycle and dispose of RiverCap's WTB's consistent with the Contract.

    b. Failed to repair equipment in a timely manner so as to recycle and dispose of RiverCap's WTB's consistent with the Contract;

10

      c. Allowed other third parties to pay higher rates to recycle their material ahead of RiverCap despite its contractual obligations to RiverCap; and/or

      d. Told RiverCap to reduce its shipments when it was allowing other parties to recycle material ahead of RiverCap for a higher price.

36. The words and/or conduct by Veolia amounted to an anticipatory repudiation of the Contract.

37. RiverCap suffered damages resulting from Veolia's anticipatory repudiation of the Contract, including the following:

      a. The benefit of RiverCap's bargain in recycling/repurposing its WTB's; and

      b. RiverCap's transportation costs to a facility that refuses to recycle or dispose its WTB's.

38. RiverCap is also entitled to a rescission of the Contract due to the breach by anticipatory repudiation; pre-judgment and post-judgment interest; attorneys' fees; and costs as the prevailing party under the Contract. ¶ 18(g).

WHEREFORE, Defendant/Counterclaimant RiverCap Ventures, Inc. prays for judgment against Plaintiff/Counterclaim Defendant Veolia ES Technical Solutions, LLC, and for such other and further relief as this Court deems just and proper.

      /s/ Dylan L. McCloskey
Robert T. Plunkert  #62064MO
Dylan L. McCloskey  #74755MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants RiverCap Ventures,
LLC and RiverCap Ventures, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
Email: plunkert@pspclaw.com
Email: mccloskey@pspclaw.com


Timothy R. Fadel   0077531
FADEL & BEYER, LLC
The Bridge Building
18500 Lake Road, Suite 300
Rocky River, Ohio 44116
Phone: 440-333-2050
tfadel@fadelbeyer.com
Attorneys for Defendants RiverCap Ventures,
LLC and RiverCap Ventures, Inc.

      I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 14th day of September, 2023:

Nicholas P. Van Deven
Zachary Stephen Merkle
SANDBERG PHOENIX PC
120 S. Central Avenue, suite 1600
Clayton, Missouri 63105
Phone: 314-425-4917
Fax: 314-725-5754
nvandeven@sandbergphoenix.com
zmerkle@sandbergphoenix.com
*Attorneys for Plaintiff*

      /s/ Dylan L. McCloskey